# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: August 19, 2025

```
* * * * * * * * * * * * *
DIANNE BENJAMIN,              *
                             *
                             *
          Petitioner,         *            No. 23-2137V
                             *
v.                           *            Special Master Gowen
                             *
SECRETARY OF HEALTH          *
AND HUMAN SERVICES,          *
                             *
          Respondent.         *
* * * * * * * * * * * * *
```

*Matthew B. Vianello,* Jacobson Press P.C., Clayton, MO, for petitioner.
*Ryan Nelson,* U.S. Dept. of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 15, 2025, Dianne Benjamin ("petitioner") filed a motion for attorneys' fees and costs. Fees Application ("Fees App.") (ECF No. 26). For the reasons set forth below, I hereby **GRANT** petitioner's motion and award **$15,840.17** in attorneys' fees and costs.

### I.    Procedural History

Petitioner filed her petition in the National Vaccine Injury Compensation Program ("the program") on December 18, 2023. Petition (ECF No. 1). [2] Petitioner alleged that she developed left shoulder pain as a result of the influenza vaccine she received on September 25, 2022. *Id.*

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  This means the opinion will be available to anyone with access to the Internet.  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the (opinion)."  *Id.*  If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) ("Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

The parties filed a stipulation for dismissal on January 14, 2025. Fees App. (ECF No. 24). Petitioner then moved for an award of attorney's fees and costs.

Petitioner filed the instant motion requesting $14,760.50 in attorneys' fees and $1,029.45 in attorneys' costs, totaling $15,840.17. Fees App. Respondent filed a response to petitioner's motion for attorney's fees and costs, noting that "respondent defers to the court to determine whether" petitioner meets the statutory requirements for an award of attorneys' fees and costs. Resp't Resp. to Fees App. at 2-3.

The matter is now ripe for adjudication.

## II.    Entitlement to Attorneys' Fees and Costs

### a.  Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." §15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

Petitioners act in "good faith" if they filed their claims with an honest belief that a vaccine injury occurred. *Turner v. Sec'y of Health & Human Servs.,* No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). In this case, respondent does not contest that this petition was filed in good faith and deferred to the court on whether the "statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't Resp to Fees App. at 2. Further, petitioner has a belief that the flu vaccine she received caused her to suffer left should pain, as the onset was alleged to have occurred within hours after the vaccination.

To receive an award of fees and costs, a petitioner must also demonstrate the claim was brought with a reasonable basis through objective evidence supporting "the *claim* for which the petition was brought." *Simmons v. Sec'y of Health & Human Servs.,* 875 F.3d 632 (Fed. Cir. 2017); *see also Chuisano v. Sec'y of Health & Human Servs.,* 116 Fed. Cl. 276, 286 (2014) (citing *McKellar v. Sec'y of Health & Human Servs.,* 101 Fed Cl. 297, 303 (2011)). Though this claim was ultimately dismissed by stipulation, petitioner's counsel had reasonable basis in filing the claim because the onset of petitioner's injury occurred just hours after vaccination and symptoms continued for months thereafter, which is typical in SIRVA claims. However, upon obtaining additional medical records, it appeared that petitioner's shoulder pain, even if initially caused by the vaccination, was primarily related to cervical spine pathology as the symptoms which persisted were primarily radicular in nature and not limited to the shoulder as required by the QAI. Petitioner's counsel appropriately and timely dismissed the claim after respondent made this observation in his Rule 4(c) report. Thus, I find that there was reasonable basis in this case to that point and that petitioner's counsel is entitled to attorneys' fees and costs as he

recognized the problems with the case after review with the court and agreed to promptly dismiss.

## III.    Reasonable Attorneys' Fees and Costs

### a.   Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing that the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### b.  Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience.  *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the *McCulloch* rates.  The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

Petitioner requested a total of $14,760.50 in attorneys' fees for work performed by her attorney, Mr. Matthew Vianello. Petitioner requested the following rates for work performed by Mr. Vianello: $465.00 per hour for work performed in 2025; $435.00 per hour for work

performed in 2024; and $405.00 per hour for work performed in 2023. For work performed by Mr. Vianello that can be characterized as paralegal work petitioner requests $145.00 per hour. These rates are consistent with the rates awarded to Mr. Vianello in other cases and are consistent with the Forum Hourly Rate Schedule. Therefore, I find the requested rates are reasonable and award such rates.

### c. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

After review of the submitted billing statement, I find that the overall hours spent on this matter are reasonable. The billing entries are reasonable and accurately describe the work performed and the length of time it took to perform each task. *See generally* Pet'r Ex. A. Therefore, petitioner is entitled to $14,760.50 in attorneys' fees.

### d. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira*, 27 Fed. Cl. Ct. 29, 34 (1992). Petitioner requests a total of $1,029.45 in attorneys' costs. Att'y. Mot. These costs include the filing fee and the cost of medical records. Att'y. Mot. at 5. Petitioner supported her request for reimbursement of attorneys' costs with payment receipts. Given the nature of the instant case, I find that the items are typical costs associated with cases in the Vaccine Program, and, thus, are also reasonable. Accordingly, these costs are awarded in full, and petitioner's counsel shall be reimbursed for a total of $1,029.45 in costs.

## IV.  Conclusion

In accordance with the above, I find that it is reasonable to compensate petitioner's counsel, Mr. Matthew Vianello, for attorneys' fees and costs. Petitioner's motion for attorneys' fees and costs is **GRANTED.**

**Accordingly, the petitioner is awarded attorneys' fees and costs in the amount of $15,840.17, to be paid through an ACH deposit to petitioner's counsel, Mr. Matthew Vianello's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master
